IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NIEADA JONES-LESTER | : | CIVIL ACTION NO.: |
| Plaintiff | : | |
| Vs. | : | |
| United Surgical Partners International, Inc. d/b/a | : | |
| Millennium Surgical Center, and | : | |
| DEBORAH LANDIS | : | |
| Defendants | : | |

**COMPLAINT AND JURY DEMAND**

I.  **INTRODUCTION**

1. Plaintiff, Nieada Jones-Lester, claims a sum in excess of One Hundred Thousand Dollars ($100,000) in damages and upon her causes of action, avers as follows:

2. This action for monetary damages and other appropriate relief is brought by Plaintiff to redress violations of Plaintiff's rights under federal and state laws by the Defendants.

3. This action arises under the Civil Rights Act, 42 U.S.C Section 1981 and the New Jersey Law Against Discrimination, (NJLAD) which prohibit discrimination in employment on the basis of race and retaliation against employees for engaging in protected activities. The NJLAD also prohibits aiding and abetting retaliation and discrimination in employment on the basis of race, and is brought by Plaintiff to redress arbitrary, malicious, reckless, improper, unlawful, willful, deliberate and intentional race discrimination and retaliation by the Defendants against Plaintiff.  This action also arises under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. Section 2601 et seq., and the New Jersey Family Leave Act, N.J.A.C. §13:14-1.11, et seq., which prohibit

employers from retaliating against employees who exercise their rights under these statutes.

## II. **JURISDICTION, VENUE AND PARTIES**

4. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. 1331, which provides for the original jurisdiction of Plaintiff's claims arising under the laws of the United States of America. This Court also has diversity jurisdiction over Plaintiff's state law claims.

5. The venue of this Court is proper pursuant to the dictates of Title 28 U.S.C. 1391(c).

6. Plaintiff, Neiada Jones-Lester, is an adult individual, residing at 1724 South 21st Street, Philadelphia, Pennsylvania and belongs to a protected class under the applicable statutes in this case. Plaintiff is black and African-American.

7. Defendant, United Surgical Partners International, Inc., d/b/a Millennium Surgical Center, (hereinafter "USPI") is a corporate entity with its offices located at 2090 Springdale Road, Suite A, Cherry Hill, NJ 08002.

8. Defendant, Deborah Landis, (Caucasian), is an adult individual and at all times relevant to this case was Defendant USPI's Nurse Manager and Plaintiff's supervisor at all times material to this action.

## III. **BRIEF STATEMENT OF FACTS**

9. Plaintiff, Neiada Jones-Lester, an African-American female, was employed by Defendant USPI in or about January 2014 as a surgical technician.

10. On or around March 2014, while in the locker room, Plaintiff's co-worker Jennifer (LNU) made a racial comment to Plaintiff, asking Plaintiff, "do you know what a coon

is?" Plaintiff understands the word "coon" as a derogatory racial comment towards African Americans.

11. Plaintiff reported Jennifer's racial comment to Deborah Landis, and told Landis that she found Jennifer's racial comments to be offensive.  Landis took no remedial action about Plaintiff's complaint.

12. Plaintiff went out on medical leave of absence between April and August 2016 for surgery to her hand.

13. On or about October 17, 2016, Kathy Thompson, Assistant Manager, made a derogatory racial comment about two African American men to Plaintiff.  It was bosses' day, and people were sitting in the office having donuts, when Thompson said, sarcastically, she was at Dunkin Donuts and she saw, "two black guys hanging out at the Dunkin Donuts". Deborah Landis was present when Thompson made this comment, but took no remedial action against Thompson.

14. Plaintiff told Thompson later that her comment about two black guys hanging out at Dunkin Donuts was racial and offensive to her.

15. The next day, October 18, 2016, Plaintiff complained to Deborah Landis that she found Thompson's racial comment to be offensive.  Landis said she would speak to Thompson. Plaintiff told Landis that Thompson's comment was offensive to her and another black employee (Jackie LNU), a registered nurse in the O.R., who was also present when Thompson made this comment. Plaintiff suggested to Landis that Defendant should have a diversity/culture sensitivity training so  employees know what comments could be offensive to minority groups. Again Landis took no remedial action against Thompson.

16. On or about October 21, 2016, plaintiff called USPI's Corporate Compliance hotline and complained that she felt she was being subjected to a racial hostile work environment; Plaintiff complained about the two incidents involving Jennifer and Kathy Thompson, the fact that she complained to Deborah Landis about the two incidents and that no remedial actions were taken about her complaints. Plaintiff also told Defendant's Corporate Compliance Hotline that she felt been treated differently because of her race by Thompson regarding her work assignments because Thompson, an Assistant Manager, was supposed to rotate Plaintiff and Jennifer, between Orthopedic cases and pain cases, but Thompson would always assign Plaintiff to the less desirable orthopedic cases and Jennifer to the more desirable pain cases.

17. The pain cases were more desirable, with less work and less stress.  Plaintiff (black) and Jennifer (Caucasian) were the only full-time Surgical Technicians.

18. USPI's Corporate Compliance Hotline representative told Plaintiff that the management at Plaintiff's facility would be contacted about Plaintiff's complaint.

19. In or about the week of October 24, 2016, Plaintiff saw Thompson in the hallway, and asked Thompson why Plaintiff was assigned to the orthopedic book again? Thompson replied, "While you were out for 4 months, Jen had to do all the work"; referring to Plaintiff's medical leave of absence in the summer.

20. Plaintiff told Thompson she was out for hand surgery on approved medical and disability leave. Same day, Plaintiff reported this incident to Landis and asked Landis for a meeting with Thompson. Landis said she would set up the meeting.

21. Later that day, Plaintiff, Thompson, and Landis met at the O.R. for the meeting.  At the meeting Plaintiff again discussed Thompson's racially offensive comment and the

comment about giving Plaintiff undesirable assignment for being out while always assigning Jennifer to the desirable pain cases.

22. Landis told Plaintiff that Plaintiff would go to whatever assignment Thompson assigned her.

23. On November 17, 2016, Plaintiff called out sick at about 5:22 am. Plaintiff sent Landis a text message that she was not feeling well and would not be in. Landis responded "OK". Around 3 pm later that day Landis called Plaintiff back and told Plaintiff she was terminated for calling out sick.

24. Plaintiff had called out sick before complaining about Defendants' race discriminatory practices, and was not terminated.

25. The last time Plaintiff called out sick was in or about December 2015; other than the medical leave in April to August 2016.

26. No prior written warnings, no discipline, no prior complaints about use of sick time was given to Plaintiff before this termination.

27. Deborah Landis told Plaintiff she was being terminated for calling out sick. However, Plaintiff's Caucasian co-workers Jennifer (LNU), and Joanne Scanlin, regularly called out sick, but were not terminated.

28. Plaintiff asserts that Defendants discharged her because of Race/Black in violation of NJ Law Against Discrimination (NJSA10:5-12a).

29. Plaintiff asserts that Defendants discharged her because of Race/Black in violation of the Civil Right Act of 1964, as amended, 42 U.S.C. Section 1981.

30. Plaintiff asserts that Defendants discharged her because of reprisal for complaining of offensive racial remarks in violation of NJ Law Against Discrimination (NJSA 10:5-12a).

31. Plaintiff asserts that Defendants discharged her because of reprisal for complaining of offensive racial remarks in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 1981.

32. Plaintiff asserts that Defendants discharged her because she asserted her rights under the NJ Medical/Sick Leave Ac and that her disability factored into Defendants' decision to terminate her employment.

**IV          STATEMENT OF CLAIM**

**COUNT ONE- SECTION 1981 VIOLATION -RACE DISCRIMINATION**

33. Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through thirty-two (32) above as if same were fully set forth at length herein.

34. The acts and conduct of Defendants as stated above where Plaintiff was subjected to a hostile work environment, terminated and treated differently from her Caucasian co-workers because of her race as to the terms, compensation, conditions, privileges and benefits of employment was a violation of the Civil Rights Act, 42 U.S.C. Section 1981.

35. As a direct and proximate result of the said discriminatory practices of Defendants in violation of Section 1981, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damage to reputation.

**COUNT TWO- NJLAD VIOLATION- RACE DISCRIMINATION**

36. Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through thirty-five (35) above as if same were fully set forth at length herein.

37. The acts and conducts of Defendants as stated above where Plaintiff subjected to a hostile work environment, treated differently because of her race by Defendants as to the terms and condition of employment and terminated for no justifiable reason, are violations of the New Jersey Law Against Discrimination.

38. Defendant Deborah Landis aided and abetted the race discrimination of the Plaintiff, and has therefore violated the NJ Law Against Discrimination.

39. As a direct and proximate result of the said acts and conducts of the Defendants in violation of this statute, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damage to reputation.

### COUNT THREE- SECTION 1981 VIOLATION- RETALIATION

40. Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through thirty-nine (39) above as if same were fully set forth at length herein.

41. The acts and conducts of Defendants as stated above where Plaintiff was subjected to retaliatory actions and terminated for no justifiable reason, because she engaged in protected activities are violations of the Civil Rights Act, Section 1981 as amended.

42. As a direct and proximate result of the said retaliatory acts and conducts of the Defendants in violation of this statute, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damage to reputation for which she seeks damages against Defendant.

## COUNT FOUR- NJ LAD VIOLATION- RETALIATION

43. Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through forty-two (42) above as if same were fully set forth at length herein.

44. The acts and conducts of Defendants as stated above where Plaintiff was subjected to retaliatory actions and terminated for no justifiable reason, because she engaged in protected activities are violations of the New Jersey Law Against Discrimination.

45. Defendant Deborah Landis aided and abetted the retaliatory actions taken against Plaintiff.

46. As a direct and proximate result of the said retaliatory acts and conducts of the Defendants in violation of this statute, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damage to reputation for which she seeks damages against Defendant.

## COUNT FIVE – FMLA VIOLATION- RETALIATION

47. Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through forty-six (46) above as if same were fully set forth at length herein.

48. The acts and conducts of Defendants as stated above where Plaintiff was subjected to retaliatory actions and terminated for no justifiable reason, because she engaged in protected activities are violations of the FMLA.

49. As a direct and proximate result of the said retaliatory acts and conducts of the Defendants in violation of this statute, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, interest due

therein as well as mental anguish, emotional distress, humiliation, and damage to reputation for which she seeks damages against Defendant.

### COUNT SIX – NJ FLA VIOLATION- RETALIATION

50. Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through forty-nine (49) above as if same were fully set forth at length herein.

51. The acts and conducts of Defendants as stated above where Plaintiff was subjected to retaliatory actions and terminated for no justifiable reason, because she engaged in protected activities are violations of the New Jersey Family Leave Act.

52. As a direct and proximate result of the said retaliatory acts and conducts of the Defendants in violation of this statute, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damage to reputation for which she seeks damages against Defendant.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully demands judgment against Defendants and request that this Honorable Court:

A.  Enter judgment against Defendants for back pay, front pay, loss of income, loss of benefits, pre and post judgment interests, costs of suit, compensatory damages, punitive damages, attorneys' fees and expert witness fees as permitted by law; and

B.  Award such other relief, as the Court may deem necessary and just, including but not limited to an Order to make whole and reinstate Plaintiff's employment.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact raised by this Complaint.

*/s/ Olugbenga O. Abiona*
_____
Olugbenga O. Abiona, Esquire (OA0405)
1433 South 4th Street
Philadelphia, PA 19147
(215) 625-0330
Attorney for Plaintiff

Dated:  March 29, 2017